IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00614-MSK-BNB

EDMUND IACONO,

Plaintiff,

v.

CREEKPATH SYSTEMS, INC.,
DENNIS GRANT,
VICTOR WALKER,
JASON HOWE, and
SHERRY BECK,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my order to show cause entered October 31, 2005. In that order, I required the plaintiff to show cause on or before November 21, 2005, why this action should not be dismissed for lack of prosecution and failures to comply with orders requiring (1) that plaintiff's counsel become a member of the bar of the court; (2) the parties to appear at a status conference on May 12, 2005; and (3) the preparation of a scheduling order for a scheduling conference on October 31, 2005.

No response to the order to show cause has been received, although the plaintiff did file, through counsel not admitted to practice here, a Notice of Motion for a Consent Order to Dismiss Without Prejudice [Doc. # 18, filed 11/23/05] (the "Notice to Dismiss"), requesting that the case be dismissed without prejudice. The defendants oppose dismissal without prejudice, arguing that any dismissal should be with prejudice. See *Defendants' Opposition to Plaintiff's Motion for*

*Consent Order and Defendants' Cross-Motion to Dismiss With Prejudice* (the "Opposition") [Doc. # 19, filed 12/7/05].

In addition, in a letter which was stricken by the district judge, the plaintiff's counsel (still not admitted to practice in this court) indicated his intention, no later than January 9, 2006, to enter an appearance and to file a motion to withdraw the Notice to Dismiss. No entry of appearance has been received, nor has there been a request to withdraw the Notice to Dismiss.

A status conference in this case was set to occur on May 12, 2005. No motion to vacate that status conference was received. Counsel for the defendants appeared at the status conference, but neither the plaintiff nor his counsel appeared.

By minute order dated October 12, 2005, a scheduling conference was set to occur on October 31, 2005, at 10:00 a.m. Counsel for all parties appeared at that time, although plaintiff's counsel was not then and never has become a member of the bar of this court, nor has he complied with D.C.COLO.LCivR 11.1A and 83.3. The minute order setting the scheduling conference, required plaintiff's counsel to become a member of the bar of the court prior to the scheduling conference, and also required the parties to confer and submit a proposed scheduling order on or before October 24, 2005. The defendants submitted a proposed scheduling order containing their input only and stating that the plaintiff's counsel had failed to contact them or otherwise to participate in the preparation of the proposed scheduling order.

The order to show cause that was entered on October 31, 2005, required the plaintiff to show cause on or before November 21, 2005, why this action should not be dismissed for lack of prosecution and failures to comply with orders of this court. No response to the order to show cause has been received.

Rule 41(b), Fed. R. Civ. P., provides:

> For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal or an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The plaintiff has failed to prosecute this case. In fact, the conduct of the plaintiff's lawyer, who has refused to become a member of the bar of this court, has hindered the processing of the case and precluded the entry of a scheduling order. The plaintiff also has failed to comply with numerous orders of this court, including orders requiring that his counsel become a member of the bar of the court; that the parties appear at a status conference on May 12, 2005; that a scheduling order be prepared and submitted for review; to appear for a scheduling conference on October 31, 2005; and that he respond to the show cause order.

I have considered the factors articulated in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 921 (10th Cir. 1992), and I conclude that this case should be dismissed without prejudice as a result of the plaintiff's actions in failing to prosecute and failing to comply with court orders. Those factors include (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the plaintiff was warned

in advance that dismissal of the action was a likely sanction; and (5) the efficacy of lesser sanctions.

The defendants claim that they have been prejudiced by the plaintiff's actions because they have been required to incur the costs of litigation and because witnesses have "left CreekPath's employ" during the period that the plaintiff has failed to prosecute the case. *Opposition* at pp.4-5. There is no evidence, however, that those witnesses cannot be located and deposed if necessary. At most, the plaintiff's conduct has made the preparation of a defense more difficult. I do not find substantial prejudice to the defendants.

The interference to the judicial process is substantial, however. Since at least May 2005, the litigation process has been brought to a standstill by the plaintiff's conduct. The plaintiff failed to appear for a status conference; failed to participate in the preparation of a scheduling order; failed to appear at the scheduling conference; and failed to respond to my order to show cause. In fact, by filing the Notice to Dismiss the plaintiff evidenced an intention to abandon this action.

It is apparent that the plaintiff's lawyer has engaged in culpable conduct by refusing to become a member of the bar of this court or to cause substitute counsel to enter an appearance. I assume, however, that my orders have been provided to the plaintiff himself, and that he also has failed to take the actions necessary to prosecute the case and to comply with court orders. He has failed to appear *pro se*, as is his right, or to engage counsel capable of representing him here. I am aware of the authority holding that "if the fault lies with the attorneys, that is where the impact of the sanction should be lodged." M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987)(internal citations and quotations omitted). Here, however, it is not merely plaintiff's counsel who has failed to act. The plaintiff also has failed to prosecute the case; failed to comply

with my orders; and failed to proceed *pro se* or to engage counsel to represent him. Here, as in

Gripe v. City of Enid, 312 F.3d 1184, 1189 (10th Cir. 2002), it is appropriate to charge the

plaintiff with responsibility for the actions and inactions of his lawyer:

> [Plaintiff] voluntarily chose this attorney as his representative in the
> action, and he cannot now avoid the consequences of his acts and
> omissions of this freely selected agent.  Any other notion would be
> wholly inconsistent with our system of representative litigation, in
> which each party is deemed bound by the acts of his lawyer-agent
> and is considered to have notice of all facts, notice of which can be
> charged upon the attorney.

The plaintiff was warned in the order to show cause that "[f]ailure to file a response . . .

may result in the dismissal of the case." Order to Show Cause, dated October 31, 2005, at p.2.

Where, as here, a plaintiff refuses to participate at all in the pretrial process, and engages

in conduct that hinders preparation of the case for trial, no lesser sanction would be effective.

I respectfully RECOMMEND that the plaintiff's complaint and this action be

DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with orders

of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific,

written objections.  A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In

re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir 2000).  A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review.  United States v. One Parcel of Real Property, 73

5

F.3d 1057, 1060 (10th Cir. 1996).

Dated January 18, 2006.

BY THE COURT:

 s/ Boyd N. Boland                           
United States Magistrate Judge
