IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-000614-MSK-BNB

EDMUND IACONO,

    Plaintiff,

v.

CREEKPATH SYSTEMS, INC.,
DENNIS GRANT,
VICTOR WALKER,
JASON HOWE, and
SHERRY BECK,

    Defendants.

_____

**OPINION AND ORDER ADOPTING
RECOMMENDATION AND DISMISSING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the January 18, 2006 Report and Recommendation **(# 22)** of United States Magistrate Judge Boyd N. Boland that the Plaintiff's Complaint be dismissed without prejudice for failure to prosecute.

More than 10 days have passed since issuance and service of the Recommendation, and no party has filed Objections. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where no party files Objections to a Recommendation, the Court applies whatever standard of review to that Recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the Recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation *de novo*, the Court nevertheless agrees fully with the detailed findings and analysis of Magistrate Judge Boland. Elaboration is necessary only with regard to the final factor of *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), namely, whether a sanction short of dismissal is appropriate. The Court is mindful that dismissal of an action is the ultimate sanction, and should be the punishment of last resort when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993). However, once the aggravating factors outweigh the judicial system's strong preference for resolving cases on their merits, dismissal becomes an appropriate remedy. *Ehrenhaus*, 965 F.2d at 921.

Here, the Plaintiff has failed to comply with several court orders, a situation which profoundly frustrates the Court's ability to efficiently adjudicate disputes. The issuance of Orders is the only means by which the Court carries out its functions. By repeatedly ignoring the Court's Orders, the Plaintiff has signaled to the Court that any sanction short of dismissal– say, an Order compelling payment of monetary sanctions– will likely be met with similar indifference, and the Court will be unable to effectively control the progress of this case. Accordingly, the Court concludes that no sanction short of dismissal will be sufficient to effectively deter future disobedience, and agrees with Magistrate Judge Boland that dismissal is appropriate.[1]

---

[1] Even assuming that a sanction short of dismissal might be appropriate, the Court notes that the Plaintiff's Motion to Dismiss Without Prejudice (# 18) remains pending. Although the Plaintiff's counsel informally advised the Court that the Plaintiff would be withdrawing this motion, more than a month has passed since the Plaintiff's self-imposed deadline for doing so, and the motion remains *sub judice*. Notably, even if the Court imposed a lesser sanction for the Plaintiff's failure to comply with prior Orders, it would simultaneously grant the Plaintiff's pending Motion to Dismiss, yielding the same ultimate result.

For these reasons, the Court **ADOPTS** the January 18, 2006 Recommendation **(# 22)** in its entirety.  The Complaint **(# 1)** is **DISMISSED** without prejudice for failure to prosecute and failure to comply with the Court's Orders.  The Clerk of the Court shall close this case.

Dated this 10th day of February, 2006.

                      **BY THE COURT:**

                      Marcia S. Krieger
                      United States District Judge